STANDARD BAKING COMPANY, RESPONDENT, v. HI-GRADE COAL AND FUEL COMPANY, APPELLANT.

Submitted January 25, 1935—Decided June 20, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Frank P. Zimmer.*

For the respondent, *Herman B. J. Weckstein.*

LLOYD, J. The jury in this case rendered a verdict of nonsuit in the District Court and the judge entered a like judgment in consequence. The defendant appeals and urges that the court erred in entering judgment on the verdict at all; that the judgment is contrary to law, and that the court erred in denying an application to mould the verdict into one in favor of the defendant.

There was error in entering the judgment of nonsuit. There was no error in refusing to mould the verdict. The entry of a judgment of nonsuit is wholly the province of the court and not of the jury; the latter could render no such judgment, and the judge could only render it if the plaintiff's evidence failed to disclose a cause of action. In this case there was clearly a *prima facie* case made by the plaintiff, and hence the power of the court to enter a nonsuit must

rest wholly upon the verdict rendered by the jury, and this was insufficient for the purpose.

The application to mould the verdict so that it should hold as a verdict for the defendant was properly denied because the jury had rendered no such verdict either directly or by implication. The verdict that was rendered was either effective for the sole purpose of defeating the present action with a right in the plaintiff to begin again or it was a nullity. A nonsuit is a well understood judgment. It precludes the plaintiff from going further with the particular action, but leaves the door open to another. It must be assumed that the jury so understood this when it rendered its verdict and attempted to do that which the judge alone, even in a proper case, had power to do. By no possibility, therefore, does it seem so clear that a verdict in favor of the defendant was intended that the court would be able to so declare it by modification of the jury's finding to reach that result.

The verdict was a nullity both in law and in fact, and should not have been received. No such issue as a legal nonsuit was committed to the jury; none could be. That body was only entitled to find a verdict for the plaintiff in such sum as the evidence justified or a verdict for the defendant. This it did not do and the case must go back to the District Court for retrial. *Cresci* v. *Gandy,* 99 *N. J. L.* 417; *Kilgus* v. *Wayne Co.,* 85 *Id.* 351.

The entry of the verdict of nonsuit is struck out and the judgment of nonsuit is reversed.